# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2025 APR 17 AM 11: 27

Kenyuata Hester

Plaintiff(s)
v.
Cogency Global Inc, BNI Management LLC, Best Night Inn, Bruce Jacobi

Defendant(s)

**Case No:** 25 - 465

**COMPLAINT FOR RETALIATION AND VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT (6 Del. C. § 2513) AND VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 SECTION 2 AND OTHER VIOLATIONS**

---

## I. INTRODUCTION

1. This is a civil action arising under ***42 U.S.C. § 1981*** (retaliation in contract enforcement), **Delaware consumer protection laws**, and related common law claims.
2. Plaintiff, **Kenyuata Hester**, brings this action against **Cogency Global Inc, BNI Management LLC, Best Night Inn** (herein CGI, BNI LLC and BNI) alleging unlawful retaliation in response to a consumer complaint, resulting in financial harm and emotional distress.
3. This Court has **jurisdiction** over this matter pursuant *to* ***28 U.S.C. § 1331*** (federal question jurisdiction) and ***28 U.S.C. § 1367*** (supplemental jurisdiction over related state law claims).
4. Venue is proper in this District under ***28 U.S.C. § 1391*(b)** as Defendant(s) operate in Delaware, and the events giving rise to this complaint occurred in this District.

## II. PARTIES

### A. Plaintiff

5. Plaintiff, Kenyuata Hester, was a guest at the Best Night Inn owned and operated by CGI, BNI LLC, who prepaid and signed a agreement with the Defendants for a multi-week stay.

6. Mr. Hester made payments of the following amounts 1/31/2025 $320.00 for one for a one week stay, 02/07/2025 in the amount of $1,035.00 for a thirty (30) day stay, and 03/07/2025 in the amount of $950.by debit card and $80 by Zelle for a thirty (30) day stay. A Rental Agreement was executed, enjoining the Contracting Parties, Mr. Hester, CGI, BNI LLC, and BNI.

7. . On March 8th, 2025, Mr. Hester the Plaintiff filed a consumer complaint with the Better Business Bureau (herein the BBB) due to ongoing and pervasive harassment and threats directed at Mr. Hester by guests of the Best Night Inn Motel (herein BNI).

8. . Mr. Hester was repeatedly subjected to being called, fag or faggot, bald headed punks, and other disparaging and homophobic terms from unknown guest, directly correlated to Mr. Hester identifying openly as homosexual.

9. These incidents occurred daily, typically as Mr. Hester entered and exited his room 204, located on the second floor facing the front entrance. In addition, guests in neighboring rooms could be overheard making homophobic comments directed at Mr. Hester.

10. BNI staff and management were made aware of this harassment by Mr. Hester on numerous occasions. Twice Mr. Hester requested a room change to no avail, BNI failed to address or stop the daily harassment despite having a legal and moral obligation to do so.

11. Mr. Hester was also the victim of eavesdropping on his personal and private phone conversations made while in his room. On several occasions Mr. Hester overheard detailed accounts of personal communications made in the room by guests and staff.

12. On at least ten or more occasions, Mr. Hester listened to staff violate Mr. Hester's expectations of privacy by openly engaging in "gossip" either with other staff and/or guest, disparaging Mr. Hester openly, sometimes just below where his room was located

## B. Defendant(s)

13. Bruce Jacobi, CEO of Cogency Global Inc, in his individual and person capacity. Cogency Global Inc, BNI Management LLC, and Best Night Inn operate as a lodging provider in the city of New Castle, Delaware

14. .Defendant received a copy of Plaintiff's BBB complaint on or about 03/19/2025 and, on the same day, unilaterally shortened Plaintiff's prepaid stay by one week, effectively penalizing Plaintiff for exercising consumer rights.

15. Defendant's actions violated federal and state consumer protection laws by retaliating against a lawful customer. These actions forced Mr. Hester to seek new housing that cost Mr. Hester twice as much as he paid BNI Motel, at the rate of $2,000.00 a month.

This caused mental and emotional distress that included insomnia, headaches, depression and extreme anxiety.

## III. FACTUAL ALLEGATIONS

16. On 3/7/2025, Plaintiff Hester prepaid for a stay at Best Night Inn for a period of four continuous weeks, a rental agreement was signed enjoining the Contracting Parties to the terms therein.

17. Due to ongoing and persuasive harassment of Mr. Hester, directly tied to his identification as homosexual, additionally on several occasions Mr. Hester was the victim of intrusive violations of his privacy, based on these incidents of harassment after having informed the management and staff of Best Night Inn, Mr. Hester filed a formal complaint with the Better Business Bureau on March 8th, 2025

18. Defendants received the BBB complaint on or about March 19th, 2025, and, on that same day, altered and terminated the contractual terms of Plaintiff's prepaid stay by one week, without proper cause or justification.

19. Defendant's retaliatory action forced Plaintiff to seek alternative housing at a rate of $2,000.00 a month, twice what he paid BNI Motel for the same duration, causing undue metal and emotional s.

20. Plaintiff suffered financial loss, emotional distress, and inconvenience due to Defendant's conduct.

## IV. CLAIMS FOR RELIEF

## COUNT I – RETALIATION IN CONTRACT ENFORCEMENT (42 U.S.C. § 1981)

**21. Claim 1 Unlawful Retaliation for Consumer Complaint**

22. *42 U.S.C. § 1981* prohibits interference with the right to make and enforce contracts without retaliation.

23. The plaintiff lawfully exercised consumer rights by filing a BBB complaint, which is a protected activity. In addition, the plaintiffs were protected under the protection of the First Amendment of the U.S Constitution.

24. The proximity of the defendant's actions, the same day as the receipt of the formal complaint from the BBB violates the plaintiff's protections as outlined in *the Fair Housing Act (42 U.S.C. § 3617)* which prohibits retaliation against anyone for asserting their rights or assisting others in doing so, including filing a complaint, testifying, or participating in fair housing proceedings

25. Defendant retaliated by shortening Plaintiff's violated the defendant's protections as outlined in the *Civil Rights of 1964 Section 2 specifically Title VII,* which prohibits retaliation against individuals reporting harassment, discrimination, or retaliation.

**26. Claim 2 Unjust Termination of a Valid Contract**

27. Plaintiff and Defendant had a valid lodging contract for a specified duration. In which Mr. Hester paid the Defendant(s) upfront for 30 consecutive days of lodging.

28. Defendants had a legal obligation to lodge Mr. Hester for the agreed time. Defendant's unilateral reduction of the stay constitutes an unjust and retaliatory contract modification.

## COUNT II – VIOLATION OF DELAWARE CONSUMER PROTECTION LAWS

*29.* **Claim 1** ***Violation of the Delaware Consumer Fraud Act (6 Del. C. § 2513)***

30. Defendants engaged in unfair and deceptive trade practices by retaliating against Plaintiff for exercising consumer rights. *Delaware Equal Accommodations Law (6 Del. C. § 4500 et seq.)* Legal Context Delaware law explicitly prohibits discrimination in places of public accommodation based on sexual orientation.

31. 22.The act of shortening a prepaid reservation in response to a consumer complaint violates *6 Del. C. § 2513*, which prohibits unfair methods of business conduct. *Section 2513* - Unlawful practice (a) The act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission,

32. Claim 2 Breach of the Implied Covenant of Good Faith and Fair Dealing

33. Every contract in Delaware carries an implied duty of good faith and fair dealing.

34. Defendants acted in bad faith by altering Plaintiff's stay for retaliatory reasons, depriving Plaintiff of expected benefits under the contract.

## COUNT III – COMMON LAW CLAIMS (BREACH OF CONTRACT & TORTIOUS INTERFERENCE)

**35. Claim 1 Breach of Contract**

36. Plaintiff fulfilled all obligations under the prepaid lodging agreement, the rental agreement stating Mr. Hester was to be housed in room 204 from March 7th, 2025, to April 7th, 2025, constitutes a meeting of the minds and therefore a legally binding contract.

37. Defendants breached the contract by unlawfully reducing the agreed-upon stay without reasonable or lawful justification. *Section 42 U.S.C. § 1981 of The Equal Rights Law § 1981* protects individuals from discrimination in contracts, including hotel bookings.

38. **Claim 2 Tortious Interference with Prospective Economic Advantage**

39. To establish a claim of tortious interference with prospective economic advantage to plaintiff must meet two elements; to establish a claim for tortious interference with prospective economic advantage, a plaintiff must prove the following:

40. An economic relationship:

41. The plaintiff must demonstrate that they had a relationship with a third party that had a reasonable probability of future economic benefit.

42. Defendant's knowledge:

43. The defendant must have known about the relationship between the plaintiff and the third party.

44. Wrongful interference:

45. The defendants must have engaged in wrongful conduct to disrupt the relationship, such as by violating a statute, common law principle, or established trade standard.

46. Intent to disrupt:

47. The defendant must have intended to disrupt the relationship or at least knew that the disruption was substantially certain to occur.

48. Actual disruption:

49. The defendant's actions must have disrupted the relationship.

50. Economic harm:

51. The plaintiff must have suffered actual economic harm as a result of the defendant's interference.

52. Examples:

53. A competitor uses false claims to drive business away from a company, preventing them from entering into a new business relationship.

54. A third party contacts a potential client and tells them that the plaintiff is desperate for business and will likely pay more than the asking price, leading to an increase in price.

55. Someone obstructs a party's ability to honor a contract with a client by deliberately refusing to deliver necessary goods.

56. relied on the full prepaid duration of the lodging arrangement for stability and planning.

57. Defendant's retaliatory actions interfered with Plaintiff's economic stability, causing financial and emotional harm.

58. The plaintiff asserts that the condition of these elements is met. Cogency as by way of operating agreement acts as a third party to meet the plaintiff must demonstrate that

they had a relationship with a third party that had a reasonable probability of future economic benefit.

59. The defendant must have intended to disrupt the relationship or at least knew that the disruption was substantially certain to occur. Defendants had no other factual basis for the early termination of the agreed thirty (30) day contract enacted on March 7th, 2025.

60. In fact, Roy Bolden verbally expressed to Mr. Hester that following a conversation with BNI Motel manager, it was agreed that following the BBB complaint, the cessation of business between the defendant's and the plaintiff would be best.

61. Actual disruption the actions Defendant's CGI, BNI LLC, and BNI Motel created a violation of a contract and without any factual basis or justification for the termination of the contract, the defendant's acted in bad faith. The clear proximity between the defendant's receiving the complaint and the termination of the contract created a financial burden as Mr. Hester was forced to seek new housing that cost nearly twice what he paid BNI Motel.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award the following relief:

62. Compensatory damages for financial losses and emotional distress.

63. Punitive damages to deter similar retaliatory business practices.

64. Injunctive relief preventing Defendant from engaging in further retaliation against consumers.

65. Attorneys' fees and costs under applicable statutes.

66. Any other relief this Court deems just and proper

Respectfully submitted,

Kenyuata Hester

4601 Concord Pike

Wilmington, DE 19803

Kenyuata29@gmail.com

(312)415-4973